**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
HOMERO BORDAS,

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **9:08-CV-0458** |

   **v.**

LEO E. PAYANT, Superintendent, Mohawk Correctional Facility;
GULLO, Sgt., Mohawk Correctional Facility;
D. NORMAN, Correction Officer, Mohawk Correctional Facility;
M. MULLIN, Correction Officer, Mohawk Correctional Facility,

      **Defendants.**

**APPEARANCES:**       **OF COUNSEL:**

**HOMERO BORDAS**
Plaintiff, *pro se*

**ANDREW M. CUOMO**     **SHOSHANAH V. BEWLAY, ESQ.**
New York State Attorney General   Assistant Attorney General
Attorney for Defendants

**THOMAS J. McAVOY, SENIOR JUDGE**

**MEMORANDUM-DECISION AND ORDER**

   Plaintiff Homero Bordas, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 seeking damages for the alleged violation of his constitutional rights. Plaintiff's claims arose during the period July through November, 2007, while he was confined at Mohawk Correctional Facility. Dkt. No. 1.[1]

   Currently pending is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 8.

**I.  Background**

   The following facts are drawn from plaintiff's complaint and attached exhibits, and are

---

[1] Plaintiff is presently incarcerated at Marcy Correctional Facility.

accepted as true for purposes of the pending motion. *Boykin v. Keycorp*, 521 F.3d 202, 204 (2d Cir. 2008). *See Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200 (2007).[2]

On July 19, 2007, plaintiff received a misbehavior report charging him with failing to comply with a direct order and creating a disturbance. Dkt. No. 1 at ¶ 17.[3]  That same day, plaintiff filed a grievance complaining that the misbehavior report was insufficient because it did not identify the individual with whom plaintiff allegedly engaged in a verbal dispute. *Id*. at ¶ 18 and A-11, 12. Defendant Superintendent Payant denied the grievance on August 8, 2007, finding no evidence of staff misconduct. *Id*. at ¶ 18 and A-15.  Plaintiff's appeal of the denial of his grievance to the Central Office Review Committee was denied on September 19, 2007. *Id*. at ¶ 18 and A-16.

A disciplinary hearing was held on the July 19, 2007 misbehavior report.[4]  Plaintiff was found guilty of both charges and sentenced to twenty days confinement in the Special Housing Unit ("SHU") and twenty days loss of privileges. Dkt. No. 1 at ¶ 19.

Plaintiff received another misbehavior report on July 21, 2007, charging him with loss of state property. Dkt. No. 1 at ¶¶ 20, 21.  In that report, Defendant Correction Officer Norman stated that plaintiff's state-issued razor was not found during the inventory of plaintiff's property conducted in connection with his disciplinary SHU confinement. *Id*.  At the hearing convened on that charge, plaintiff told the hearing officer that his razor was in his shoes.  The hearing officer

---

[2]  The "complaint" includes any written instrument attached to it as an exhibit and any statements or documents incorporated into the complaint by reference. *Gant v. Wallingford Bd. of Educ*., 69 F.3d 669, 674 (2d Cir. 1995); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

[3]  The misbehavior report was issued by Correction Officer Critelli.  He is not a defendant in this action.

[4]  The hearing officer is not a defendant in this action.

2

directed Defendant Correction Officer Mullin to look for the razor.  Defendant Mullin, "after

coming to an agreement" with defendant Norman, told the hearing officer that he did not find the

razor.  *Id*. at ¶ 23.  Plaintiff was found guilty of the charge and was sentenced to twenty days SHU

confinement and loss of privileges.  *Id*. at ¶ 25.

On July 31, 2007, defendant Mullin issued a misbehavior report to plaintiff.  This report

charged plaintiff with possessing material related to an unauthorized organization.  Defendant

Mullin stated that two items found in plaintiff's property (a book and a photograph) had markings

on them which were frequently used by unauthorized organizations.  *Id*. at ¶ 28 and A-23.[5]  No

disciplinary hearing was ever held on this charge.  *Id*. at ¶ 29.

Plaintiff filed a grievance on August 2, 2007, claiming that defendants Mullin and Norman

wrongfully confiscated his book and photograph during the cell search because they were

"unsatisfied" with having had to conduct a further search for plaintiff's razor.  Plaintiff also claimed

that defendants Mullin and Norman discriminated against him based upon his national origin in

placing false disciplinary charges against him.  Dkt. No. 1 at ¶ 30 and A-1 - A-6.  Receiving no

response to his grievance, plaintiff resubmitted it on September 7, 2007.  *Id*. at ¶ 34.  The grievance

was denied by defendant Payant on October 1, 2007.  *Id*. at ¶ 36 and A-7.  Plaintiff's appeal to the

Central Office Review Committee was denied on November 7, 2007.  *Id*. at ¶ 42 and A-9.

On September 26, 2007, Defendant Sgt. Gullo questioned inmate Juan Martinez about

plaintiff's activities.  In particular, defendant Gullo asked Martinez whether plaintiff was the leader

---

[5]  The photograph had the letters "D.P." written on the back.  The misbehavior report stated
that "D.P." is used to reference "Dominican Power" or "Dominican Don't Play."  A book was found
to have the letter "C" crossed out of a word on the title page; the report states that this marking is
used by rival organizations to disrespect "Crips."  *Id*. at 6 and Ex. A-23.

of an unauthorized organization known as "Dominican Power" or "Dominican Don't Play." Martinez told defendant Gullo that he did not know anything about plaintiff being a leader or member of an unauthorized organization. Dkt. No. 1 at ¶ 37.

Plaintiff filed his complaint on April 29, 2008, naming Superintendent Payant, Sgt. Gullo, and Correction Officers Norman and Mullin as defendants. Plaintiff claims that defendants Norman, Mullin and Gullo retaliated against him for exercising his First Amendment right to file grievances by filing false misbehavior reports against him, interfering with his outgoing legal mail, confiscating his personal property and subjecting him to restrictive confinement. Plaintiff also seeks relief as against defendant Payant, claiming that he violated plaintiff's First and Fourteenth Amendment rights when he ignored and failed to remedy the wrongdoing of his subordinates. *See* Dkt. No. 1 at 10-12.

In lieu of an answer, defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 15. Defendants argue that the allegations of plaintiff's complaint fail to state a claim upon which relief may be granted under the First and Fourteenth Amendments. Defendants also seek dismissal of the complaint on the ground that all defendants are entitled to qualified immunity from liability in this action.

Plaintiff opposes the motion. Dkt. No. 15.

For the reasons set forth below, the Court grants defendants' motion.

## II.   Discussion

### A.  Standard of Review Pursuant to Rule 12(b)(6)

In deciding a Rule 12(b)(6) dismissal motion, "the court must accept the material facts alleged in the complaint as true, and must draw all inferences in the plaintiff's favor." *Hernandez v.*

4

*Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied*, 513 U.S. 836 (1994).  The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

The burden undertaken by the moving party is substantial, as the question presented by the motion to dismiss is not whether the non-moving party is likely ultimately to prevail, "but whether the claimant is entitled to offer evidence to support the claims."  *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (other citations omitted).  In order to withstand a motion to dismiss, a complaint must plead enough facts to "raise a right to relief above the speculative level." *Twombly,* 127 S.Ct. at 1965.  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

### B. Liability Under 28 U.S.C. § 1983

To prevail on a claim under § 1983, a plaintiff must show the deprivation of any rights, privileges, or immunities secured by the Constitution and laws by a person acting under the color of state law.  42 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

5

In order to state a First Amendment retaliation claim, a plaintiff must advance non-conclusory allegations "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Davis v. Goord,* 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir. 2001)).  Inmates are entitled to free and uninhibited access "to both *administrative and judicial* forums for the purpose of seeking redress of grievances against state officers'" and the filing of prison grievances is protected conduct under the First Amendment.  *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988).  In the prison context, the Second Circuit has defined "'adverse action' *objectively*, as retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising ... constitutional rights.'"  *Gill v. Pidlypchak,* 389 F.3d 379, 381 (2d Cir. 2004) (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (emphasis in the original).  While a plaintiff must allege harm caused by the retaliation, harm is not limited to "a chilling of speech," and may include a period of restrictive confinement.  *Id*. at 382-83.

The Second Circuit has recognized that inmate claims of retaliation are easily asserted against prison officials.  As the court stated in *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1083), "claims by prisoners that particular administrative decisions have been made for retaliatory purposes are prone to abuse. Virtually every prisoner can assert such a claim as to every decision which he or she dislikes."  Accordingly, "a complaint of retaliation that is 'wholly conclusory' can be dismissed on the pleadings alone."  *Graham v. Henderson*, 89 F.3d 75, 79 92d Cir. 1996) (citing *Flaherty*, 713 F.2d at 13).

### C. Defendants Norman and Mullin

Plaintiff alleges that defendants Mullin and Norman filed false disciplinary charges against him, provided false testimony, confiscated his personal property, and subjected him to restrictive confinement.  Plaintiff claims that these actions were retaliatory in nature and intended to "discourage him from exercising his constitutional[ally] protected right to file grievances against the facility administration."  Dkt. No. 1 at ¶ 48 (Complaint, Third Cause of Action).[6]

Defendants seek dismissal of these claims pursuant to Rule 12(b)(6), arguing that plaintiff's complaint contains only conclusory allegations against Norman and Mullin which are insufficient as a matter of law to establish a retaliation claim against them.  Dkt. No. 8-2 at 10-11.

Upon review, the Court agrees that the allegations of plaintiff's complaint are not sufficient to state a retaliation claim against Norman and Mullin.[7]  In this regard, while plaintiff's facility grievances constituted protected speech, the only grievance filed by plaintiff which preceded the alleged retaliatory acts by Norman and Mullin was the grievance complaining about the misconduct report written by Officer Critelli.  Plaintiff does not allege that defendants Norman and Mullin had

---

[6]  Plaintiff also claims that Norman and Mullin "may" have intercepted his August 2, 2007 grievance, but acknowledges that he has no factual support for that claim.  Dkt. No. 1 at ¶ 31.  This allegation is patently insufficient.  Moreover, plaintiff's grievance was considered on its merits after he resubmitted it on September 7, 2007.  *Id*. at ¶ 34-36.

[7]  Issuance of the misbehavior reports is not itself actionable as plaintiff has no constitutionally protected right to be free from false accusations of misconduct.  *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988).  Similarly, the allegedly improper confiscation of his personal property during a cell search does not state a legally cognizable claim pursuant to § 1983, because inmates have no reasonable expectation of privacy in their prison cells, and thus "no constitutional right to be free from cell searches of any kind, including retaliatory cell searches."  *Rodriguez v. McClenning,* 399 F. Supp. 2d 228, 239 (S.D.N.Y. 2005) (collecting cases).

any involvement whatsoever in the incident which gave rise to that misbehavior report, nor does he set forth any facts which plausibly suggest that these officers knew of and were motivated by that grievance to take adverse action against plaintiff.

Accordingly, the defendants' motion to dismiss the claims asserted against defendants Mullin and Norman is granted.  In light of plaintiff's *pro se* status, he is afforded the opportunity to file an amended complaint against defendants Norman and Mullin which states a claim against these defendants upon which relief may be granted.  Any such amended complaint must set forth facts regarding the alleged misconduct by defendants Mullin and Norman sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.

### D. Defendant Gullo

Plaintiff claims that Defendant Gullo violated his First Amendment rights when he "intimidated and attempted to coerce inmate Martinez into falsely admitting that Plaintiff was the leader of an unauthorized organization."  Dkt. No. 1 at ¶ 50.  According to plaintiff, defendant Gullo sought information in order to "initiate fraudulent disciplinary charges against Plaintiff and punish Plaintiff in retaliation for exercising his constitutionally protected rights."  *Id*.

Defendants seek dismissal of this claim, arguing that the allegations of the complaint fail to state a claim upon which relief may be granted pursuant to § 1983.  Dkt. No. 8-2 at 12-13. Defendants argue that plaintiff's admission that Gullo's action did not harm him in any way fatally undermines his claim.  *Id*.

Plaintiff's complaint fails to  state a claim against defendant Gullo for the violation of his constitutional rights.  Defendant Gullo's interview of inmate Martinez did not violate plaintiff's First Amendment rights.  Plaintiff has also failed to demonstrate that defendant Gullo retaliated

8

against plaintiff for having exercised his First Amendment rights.  Not only does plaintiff fail to allege that defendant Gullo was aware of plaintiff's prior grievances, he does not claim that defendant Gullo took adverse action against him.  Because plaintiff does not claim that defendant Gullo's attempt to elicit information from inmate Martinez harmed him in any way, the claims fail as a matter of law.

Defendant Gullo's motion to dismiss is granted.  Because the problem with plaintiff's cause of action is substantive, such that better pleading will not cure it, leave to plead is denied as futile. *See Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### E. Defendant Payant

Plaintiff claims that Defendant Leo A. Payant, Superintendent at Mohawk Correctional Facility, violated his First and Fourteenth Amendment rights.  Plaintiff does not claim that Payant directly participated in the actions complained of.  Rather, plaintiff alleges that Payant had notice of this misconduct by virtue of plaintiff's grievance, but "ignore[d] and failed to remedy the wrongful and illegal conduct of his subordinates."  Dkt. No. 1 at ¶ 10.

It is well established that personal liability under § 1983 cannot be imposed on a state official based on a theory of *respondeat superior* and that personal involvement of a defendant in the alleged constitutional deprivation is a prerequisite to an award of damages.  The Second Circuit has held that an official has the requisite personal involvement for liability under § 1983 when, *inter alia*, "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong."  *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995).  A number of district courts have held that the language in *Colon* should not be construed so broadly as to impose liability on any and all officials to whom a prisoner complains, or who are simply linked in the prison chain

of command.  Rather, personal involvement will be found "where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint." *See, e.g., Johnson v. Wright,* 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002) (collecting cases).

Plaintiff claims that he brought to defendant Payant's attention his claims that defendants took adverse action against him in retaliation for plaintiff having filed a grievance regarding the misbehavior report written by Officer Critelli on July 19, 2007.  Dkt. No. 1 at ¶ 46.

Upon review, including consideration of plaintiff's grievance (*see* Dkt. No. 1 at A-1- A-6), the Court finds that plaintiff's claim against defendant Payant is insufficient as a matter of law.  In that grievance, plaintiff complains that defendants Norman and Mullin were verbally abusive to him, improperly confiscated his book and photograph, and placed false disciplinary charges against him because they were "pissed off" about having had to conduct a "double search" for his razor. Dkt. No. 1 at A-1 - A-2.[8]  Plaintiff claims that defendants Norman and Mullin acted in a racist manner and "in retaliation because of the double search." *Id*. at A-2.  The grievance makes no reference to Officer Critelli's misbehavior report or to plaintiff's July 19, 2007 grievance regarding that matter.  In short, defendant Payant was not given notice that defendants Norman and Mullin had engaged in conduct which violated plaintiff's constitutional rights.

Based upon the foregoing, the complaint fails to state a claim against defendant Payant. Because the problem with plaintiff's complaint is substantive, such that better pleading will not cure it, leave to plead is denied as futile.  *See Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

---

[8]  The disciplinary charges were not pursued.  *See* Dkt. No. 1 at ¶ 29.

10

**III.     Conclusion**

Based upon the foregoing, defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) is granted in its entirety.[9]  As set forth above, prior to any dismissal of this action, plaintiff may file an amended complaint against defendants Norman and Mullin.

WHEREFORE, it is hereby

ORDERED, that defendants' motion to dismiss plaintiff's complaint (Dkt. No. 8) is granted, and it is further

ORDERED, that plaintiff may file an amended complaint as provided herein **within thirty (30) days** of the filing date of this Memorandum-Decision and Order, and it is further

ORDERED, that the Clerk return the file to the Court upon the filing of plaintiff's amended complaint, and it is further

ORDERED, that in the event plaintiff does not timely file an amended complaint, this action shall be dismissed in its entirety, and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

IT IS SO ORDERED.

Dated:   January 5, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

---

[9]  In light of the Court's rulings set forth above, the Court has not addressed the qualified immunity argument advanced by defendants as an independent ground for dismissal of plaintiff's claims.  *See Saucier v. Katz*, 533 U.S. 194, 1212 S.Ct. 2151 (2001).

11