```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

HOMERO BORDAS,

                                                Plaintiff,

                 v.                                        9:08-CV-0458

D. NORMAN, Correction Officer, Mohawk Correctional Facility;
M. MULLIN, Correction Officer, Mohawk Correctional Facility,

                                               Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HOMERO BORDAS<br>Plaintiff, *pro se* | |
| ANDREW M. CUOMO<br>New York State Attorney General<br>Attorney for Defendants | SHOSHANAH V. BEWLAY, ESQ.<br>Assistant Attorney General |

**THOMAS J. McAVOY, SENIOR JUDGE**

## MEMORANDUM-DECISION AND ORDER

By Memorandum-Decision and Order filed January 5, 2009, this Court granted defendants' motion to dismiss the complaint filed by *pro se* plaintiff Homero Bordas for failure to state a claim upon which relief could be granted pursuant to 42 U.S.C. § 1983. Dkt. No. 16 (the "January Order"). In light of his *pro se* status, plaintiff was afforded an opportunity to file an amended complaint against defendants Norman and Mullin. *Id*. at 8.[1]

Plaintiff's amended complaint is presently before this Court for consideration. Dkt. No. 18.

The factual allegations of the amended complaint are essentially unchanged from those in

---

[1] Defendants' motion to dismiss was also granted with respect to defendants Payant and Gullo. Dkt. No. 16 at 9-10. Leave to replead was denied as to these defendants because the problems with plaintiff's causes of action were substantive, such that better pleading would not cure them. *Id*. Payant and Gullo are not named in the amended complaint.

plaintiff's original pleading.  Thus, plaintiff reasserts his claim that defendant Norman did not properly inventory plaintiff's personal property and therefore failed to list plaintiff's state-issued razor on the inventory forms.  The missing razor led to a disciplinary charge against plaintiff and, after a second search by defendant Mullin did not locate the razor, plaintiff was found guilty of loss of state property and was sentenced to twenty-days confinement in the special housing unit ("SHU").  As in his original pleading, plaintiff claims that the misbehavior report was issued in retaliation for plaintiff "exercising my constitutional rights."  Dkt. No. 18 at 11-12.[2]  In addition, plaintiff asserts in his amended complaint that these events also violated his rights under the First, Eighth, and Fourteenth Amendments.  *See* Dkt. No. 18.[3]

The Court has reviewed these allegations with due regard for plaintiff's *pro se* status and makes the following determinations with respect to the legal sufficiency of those claims.  As to the retaliation claim, because the amended complaint does not set forth *any* facts demonstrating a causal connection between the misbehavior report and any protected conduct engaged in by plaintiff, this claim is dismissed.[4]

---

[2] As discussed in the January Order, neither the issuance of a false misbehavior report nor the improper confiscation of an inmate's personal property is actionable under s 1983.  *See* Dkt. No. 16 at p. 7 n. 7.

[3] The allegation that defendants continue to "annoy and harass" plaintiff in retaliation for his filing grievances against them is patently insufficient to state a claim pursuant to § 1983.

[4] In his original complaint, plaintiff relied upon the fact that he had filed a grievance regarding a misbehavior report written by Officer Crittelli prior to receiving Officer Norman's misbehavior report.  *See* Dkt. No. 1.  The January Order found this allegation to be insufficient to demonstrate the requisite causal connection because plaintiff did not allege that defendants Norman and Mullin had any involvement whatsoever in the incident which gave rise to Officer Critelli's misbehavior report, nor did he set forth any facts which plausibly suggested that these officers knew of and were motivated by that grievance to take adverse action against plaintiff.  *See* Dkt. No. 16 at 7-8.  The amended complaint does not identify any other protected conduct.

Insofar as plaintiff seeks to state a claim for the alleged violation of his right "to petition the government the Government for a redress of grievance," *see* Dkt. No. 18 at 11-12, he must show that he has suffered an ***actual injury*** traceable to the challenged conduct of prison officials. In other words, it must appear that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis v. Casey*, 518 U.S. 343, 352 (1996). The allegations of the amended complaint are wholly conclusory and, accordingly, fail to state a claim upon which relief may be granted.

The Court has also reviewed plaintiff's claim that his due process rights were violated in the course of the disciplinary hearing regarding the loss of plaintiff's state-issued razor.[5] To successfully establish a due process claim under 42 U.S.C. § 1983, a plaintiff must show both the existence of a protected liberty interest and that he was deprived of that interest without being afforded sufficient process. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995). In *Sandin*, the Supreme Court determined that a protected liberty interest from restrictive confinement will generally be limited to freedom from restraint which imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id* at 484; *see also Tellier v. Fields*, 280 F3d 69, 80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998) (per curiam). The "atypicality" inquiry under *Sandin* is normally a question of law. *Colon v. Howard*, 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey v. Giltner*, 197 F.3d 578, 585 (2d Cir. 1999). In making that determination the court must consider the specific circumstances of the

---

[5] Plaintiff also complains of a misbehavior report issued by defendant Mullin charging him with possession of material related to an unauthorized organization. See Dkt. No. 18 at 6. However, plaintiff concedes that no disciplinary hearing was ever held on this charge. The mere fact that one of the seized items was a bible does not give rise to a cognizable claim for the violation of plaintiff's First Amendments rights.

confinement, including both the duration and the conditions thereof. *Colon*, 215 F.3d at 230; *Sealey*, 197 F.3d at 585.

The duration of the challenged confinement, while not determinative, is a significant factor under *Sandin*.[6] Courts have consistently held that SHU or keeplock confinement under ordinary conditions for periods similar to that experienced by plaintiff do not rise to a level sufficient to establish a due process claim. *See Smart v. Goord*, 441 F.Supp.2d 631, 640 (S.D.N.Y. 2006) ("[T]he decisions in the Second Circuit are unanimous that keeplock ... of 30 days or less in New York prisons is not 'atypical or significant hardship' under *Sandin*." (internal quotation omitted)); *Ochoa v. DeSimone*, No. 9:06-CV-0119, 2008 WL 4517806 *4 (N.D.N.Y. Sept. 30, 2008) (30 days SHU and keeplock); *Escalera v. unusual*, No. 9:04-CV-0983, 2008 WL 699273 *8 (N.D.N.Y. Mar. 12, 2008) (30 days keeplock); *Thompson v. LaClair*, 2008 WL 191212, at *1 (N.D.N.Y. Jan. 22, 2008) (30 days keeplock, loss of recreation, packages, commissary and phone privileges).

Plaintiff was sentenced to twenty days SHU confinement on the misbehavior report regarding the lost razor. Dkt. No. 1 at 34-35 (Disciplinary Hearing Disposition). Plaintiff does not allege that the conditions of that confinement were in any way unusual or atypical. Upon due consideration, the Court finds that the allegations in the amended complaint relating to plaintiff's SHU confinement are not sufficient to state a legally cognizable liberty deprivation under *Sandin*.

It is also well-established that subjecting a prisoner to the ordinary incidents of SHU disciplinary confinement alone does not rise to a level which is intolerable to the Eighth

---

[6] The Second Circuit generally takes the position that normal SHU confinement of 101 days or less does not constitute an "atypical and significant hardship" under *Sandin*. *Colon*, 215 F.3d at 231 (citing *Sealey*, 197 F.3d at 589-90).

Amendment's cruel and unusual punishment protections.  *See Anderson v. Coughlin*, 787 F.2d 33, 34-35 (2d Cir.1985).  Here again, because plaintiff's claim that he was subjected to cruel and unusual punishment is not supported by any factual allegations, dismissal is warranted.

Woven throughout plaintiff's amended complaint are purely conclusory allegations that the defendants "conspired" to violate his rights."  In a situation where the plaintiff has set forth a claim of conspiracy, "a higher burden is imposed and requires that the plaintiffs file a detailed factual pleading."  *Rigby v. Coughlin*, 730 F. Supp. 1196, 1199 (N.D.N.Y. 1990).  However, plaintiff's amended complaint contains no specifics regarding these claims.[7]

Based upon the foregoing, the Court finds that plaintiff has failed to cure the deficiencies discussed by the Court in the January Order.  Read in a light most favorable to plaintiff, the Court finds that the allegations of the amended complaint are not sufficient state claims pursuant to 42 U.S.C. § 1983 upon which relief may be granted.  Accordingly, this action is dismissed.

WHEREFORE, it is hereby

ORDERED, this action is dismissed, and it is further

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

IT IS SO ORDERED.

Dated:  February 17, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

---

[7] Plaintiff also claims that he was denied equal protection and alleges that defendant Mullin made derogatory remarks based upon his national origin.  *See* Dkt. No. 18 at 6-7.  Offensive remarks, while never condoned, are not themselves actionable pursuant to § 1983.  *See Rivera v. Goord*, 119 F.Supp.2d 327, 342 (S.D.N.Y. 2000); *Wright v. Santoro*, 714 F.Supp. 665, 667 (S.D.N.Y.), *aff'd*, 891 F.2d 278 (2d Cir.1989).